UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Audrey M. Greene,

              Debtor.

Bankruptcy Case No. 17-20543-PRW
Chapter 7

**DECISION AND ORDER
AWARDING DAMAGES AND ATTORNEYS' FEES
UNDER 11 U.S.C. § 362(k)(1)**

PAUL R. WARREN, United States Bankruptcy Judge

    Audrey Greene and Donna Smith have become friends during the five years that Ms. Greene has rented a home from a corporate entity owned by Ms. Smith. They are neighbors, living only a few doors apart. When Ms. Greene applied for a small personal loan from Summit Federal Credit Union, Ms. Smith helped her get the loan by signing a personal guaranty. When Ms. Greene filed for bankruptcy protection, she went to Ms. Smith and told her about her bankruptcy filing. Concerned that Ms. Greene's bankruptcy filing would have a spill-over effect that would negatively impact both of their credit standing, Ms. Smith paid off the $2,268.96 Summit loan post-petition. And, what Ms. Smith did next, is at the heart of the motion before the Court.

    The same day that she paid off the Summit loan, Ms. Smith drafted and had Ms. Greene sign a promissory note, by which Ms. Greene agreed to repay Ms. Smith $2,268.96 in monthly installments of $100.00. On June 19, 2017, Ms. Greene made her first payment of $100.00 under

the promissory note.  This motion followed, seeking "sanctions and attorneys' fees" under 11 U.S.C. §§ 362(a)(2) and 105(a)—which the Court understood as a request for relief under 11 U.S.C. § 362(k)(1).  The motion has been vigorously opposed by Ms. Smith.

Because Ms. Greene suffered a pecuniary loss of $100.00 as a result of Ms. Smith's willful violation of the automatic stay, and because the motion was necessary to recover pre-litigation damages and to undo the effects of that stay violation, under 11 U.S.C. § 362(k)(1) Ms. Smith is liable for damages, including reasonable and necessary attorneys' fees.  The motion is **GRANTED**, under 11 U.S.C. § 362(k)(1).  Ms. Smith is **ORDERED** to pay, within 10 days—to the care of Ms. Greene's attorney—the sum of $100.00 as actual damages, plus the sum of $1,000.00, as reasonable attorney's fees necessary to recover pre-litigation actual damages and undo the effects of the stay violation.  In the event that payment is not made as directed, Ms. Greene may request judgment for the sum of $1,100.00, less credit for any amount paid.  The promissory note, dated June 1, 2017, between Ms. Smith and Ms. Greene is declared **NULL** and **VOID**.

## I.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(G).  To the extent required by Rule 7052 FRBP, this decision constitutes the Court's findings of fact and conclusions of law.

## II.

## FINDINGS OF FACT

Ms. Greene, a chapter 7 debtor, and Ms. Smith, the respondent, have formed a friendship during the 5 years that Ms. Greene has been a tenant in a home owned (through a holding company) by Ms. Smith. (ECF No. 19, Part 1 ¶¶ 3-4).[1] So, when Ms. Greene applied to Summit for a small personal loan, Ms. Smith guaranteed the loan. (*Id.* ¶ 5). On May 22, 2017, Ms. Greene found it necessary to file a petition under chapter 7. (ECF No. 1). Ms. Smith not only received notice of the filing through the Court—she was listed on the matrix as a co-obligor on the Summit debt—she admits that Ms. Greene told her that she filed a bankruptcy petition. (ECF Nos. 6, 7, & 19 ¶ 6). Ms. Smith also contacted counsel to Ms. Greene a few days after the petition was filed, to discuss the bankruptcy, and its impact on her credit and her guaranty of the Summit loan. (ECF No. 9 ¶¶ 7-12). It is beyond dispute that Ms. Smith had actual knowledge of the bankruptcy filing.

Concerned about the potential for Ms. Greene's bankruptcy to negatively affect Ms. Smith's credit, on June 2, 2017, Ms. Smith wrote a check payable to Summit and gave the check to Ms. Greene, who then took the check to Summit to pay off the personal loan. (ECF No. 19 ¶ 9). Ms. Smith's exposure on the guaranty was eliminated. On that same day, Ms. Smith drafted an agreement (or promissory note), by which Ms. Greene promised to repay her $2,268.96 in monthly installments of $100.00 (ECF No. 19, Ex. A; ECF No. 9, Ex. A). Ms. Smith and Ms. Greene both executed that agreement. And, on June 19, 2017, Ms. Greene paid to Ms. Smith the first installment of $100.00. (ECF No. 20, Ex. A). On July 7, 2017, this motion was filed on behalf of Ms. Greene, asking that the Court impose "sanctions, including attorneys

---

[1] The Court hopes they remain friends, despite the outcome of this litigation.

3

[sic] fees" for Ms. Smith's willful violation of the automatic stay. (ECF No. 9). In opposition, Ms. Smith argues that there is no injury to Ms. Greene alleged in the four corners of the motion papers, that the motion was unnecessary, and that Ms. Greene offered to repay Ms. Smith voluntarily. (ECF No. 19). Counsel invites the Court to ignore the facts and, instead, asks the Court to deny the motion by rigidly focusing on the somewhat inartfully drafted motion papers (the motion failed to mention § 362(k)(1) of the Code).

At oral argument, counsel for Ms. Smith conceded that the agreement was signed post-petition and that a payment of $100.00 was made by Ms. Greene under that agreement. Counsel persisted in arguing that Ms. Greene volunteered to repay the amount that Ms. Smith had paid to Summit. Counsel also persisted in arguing that the motion was wholly unnecessary, because Ms. Smith would have ripped-up the agreement had she only been asked. But, despite the fact that the motion was filed over 5 weeks ago, neither Ms. Smith nor her attorney took steps to remedy the stay violation, or to rip-up the agreement. Instead, they filed papers in opposition on August 14, 2017—just 3 days before the hearing on the motion.

### III.

### CONCLUSIONS OF LAW

The automatic stay that springs in to being upon the filing of a bankruptcy petition prohibits, among other activities, "any act *to collect, assess, or recover* a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6) (emphasis added). "The term 'claim' means—right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A). "[A]n individual injured by any willful violation of [the automatic] stay . . . shall recover actual damages, including costs and

4

attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The statute is straightforward, requiring the debtor to prove three elements: (1) the offending party violated the stay; (2) the violation was willful; and (3) the willful violation caused the debtor an injury." *In re Crowder*, No. 16-20440-PRW, 2016 Bankr. LEXIS 2307, at *7 (Bankr. W.D.N.Y. June 16, 2016). Attorneys' fees incurred by a debtor may qualify as actual damages under 11 U.S.C. § 362(k)(1)—even in the absence of pecuniary loss to the debtor—if those attorneys' fees were necessary to (1) stop an ongoing stay violation, (2) undo the effects of a stay violation, or (3) recover pre-litigation actual damages. *Id.* at *8. And, such attorneys' fees must, in addition to being necessary, be reasonable. *Id.* (quoting *In re Sturman*, No. 10 Civ. 6725 (RJS), 2011 U.S. Dist. LEXIS 109599, at *10 (S.D.N.Y. Sept. 26, 2011)).

### A. The Automatic Stay was Violated Willfully

It is undisputed that, after learning that Ms. Greene filed a bankruptcy petition, Ms. Smith drafted a promissory note and obtained the signature of Ms. Greene on that agreement. It is also beyond dispute that Ms. Smith recovered $100.00 from Ms. Greene, on June 19, 2017, under that agreement. Ms. Smith's acts of entering into a repayment agreement with and accepting payment from Ms. Greene—with actual knowledge of the bankruptcy filing—was a willful violation of the stay. "So long as the creditor intended to take the action that constituted a stay violation, its intention or lack thereof to violate the stay is irrelevant." *In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004); *see also In re Sucre*, 226 B.R. 340, 349 (Bankr. S.D.N.Y. 1998). And while Ms. Greene's honest desire to insulate Ms. Smith from financial harm may have motivated Ms. Smith to obtain a promissory note from Ms. Greene, Ms. Smith acted at her peril in doing so in a manner proscribed by the Code. Here, the undisputed facts support a

5

finding that Ms. Smith violated the automatic stay—because she intended to take the offending action. That stay violation was willful—because she had actual knowledge of the bankruptcy filing. Ms. Greene has carried her burden of proving the first and second elements of the *Crowder* test.

B.  **The Willful Stay Violation Caused Injury**

It takes little effort for the Court to find that Ms. Greene has also carried her burden of proving the third element of the *Crowder* test—that the willful stay violation caused injury. The action taken by Ms. Smith in violation of the stay caused injury to Ms. Greene in two forms. First, Ms. Greene now has a post-petition contractual obligation to Ms. Smith for a debt that was otherwise dischargeable in bankruptcy. Second, Ms. Greene paid $100.00 to Ms. Smith in accordance with that agreement. While the magnitude of that injury and pecuniary loss is quite modest, the statute is clear in directing that "*an individual injured by **any** willful violation of the stay . . . **shall recover*** actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1) (emphasis added).

To remedy the injury caused by the stay violation, the Court **ORDERS** that Ms. Smith pay the sum of $100.00 to Ms. Greene—to the care of Ms. Greene's counsel—within 10 days. The Court further **ORDERS** that the promissory note or agreement between Ms. Greene and Ms. Smith, dated June 1, 2017, is—and was since the moment of its execution—**NULL AND VOID**.

C.  **An Award of Attorneys' Fees is Appropriate**

In an attempt to extend *Crowder* beyond its holding, counsel to Ms. Smith repeatedly argues that no attorneys' fees should be awarded because no steps were taken in mitigation by

6

Case 2-17-20543-PRW    Doc 23    Filed 08/18/17    Entered 08/18/17 16:09:44    Desc Main
Document      Page 6 of 9

counsel before filing this motion. But *Crowder* stood for no such proposition. In *Crowder*, the debtor admitted that he suffered no actual injury; and the motion was not necessary to stop an ongoing stay violation, undo the effects of a stay violation, or recover pre-litigation actual damages. *See Crowder*, 2016 Bankr. LEXIS 2307, at *9-10. The motion was brought only to vindicate the honour of the stay. *Id.* at *6. Not so here. This motion was necessary to recover pre-litigation damages of $100.00 and to undo the effects of the stay violation, in the form of a declaration that the promissory note is null and void.

Ms. Greene suffered an economic loss of $100.00 and incurred a post-petition debt under the promissory note. It is well settled in the Second Circuit that an action taken in violation of the automatic stay is void and without legal validity. *In re Ebadi*, 448 B.R. 308, 317 (Bankr. E.D.N.Y. 2011) (citing *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 157 f.3d 169, 172-73 (2d Cir. 1998); *In re 48th St. Steakhouse, Inc.*, 835 F. 2d 427, 431 (2d Cir. 1987)). While that promissory note is "void" under Second Circuit decisional law, to the rest of the world the note might appear to be valid and enforceable. Ms. Greene is entitled to an Order confirming that the note is null and void. And, despite having had over 5 weeks to remedy the stay violation—obtusely but well enough described in the motion papers—counsel to Smith instead elected to file lengthy opposition 3 days before the hearing, repeatedly stating that the note *would have been voided* (future tense) if Ms. Greene's counsel had pointed out the stay violation. Seriously? "Upon learning of a bankruptcy filing, a creditor has an affirmative duty to return the debtor to the *status quo* position as of the time of the filing of the petition." *Sucre*, 226 B.R. at 348.

Given the fact that Ms. Greene suffered an injury as a result of the willful stay violation, she is entitled to recover attorneys' fees under 11 U.S.C. § 362(k)(1). But, an award of attorneys' fees under 11 U.S.C. § 362(k)(1) is not an open checkbook. The attorneys' fees must

7

be necessary (they were here) and reasonable in amount.  What is reasonable here?  At oral argument, after initially indicating that 9 hours were required to litigate this motion, Ms. Greene's counsel revised that estimate downward to 5 hours—at a rate of $250.00 per hour.  In response, counsel to Ms. Smith argued that a mere 10 minutes of telephone time were all that was reasonably necessary to remedy the stay violation.  And, despite some gentle prodding by the Court during oral argument, counsel held tight to his 10 minute estimate.  But, the Court wonders; how would 10 minutes on the phone have resolved the stay violation motion?  Here, even in the face of the initial motion, followed by a 17 page supplemental submission by Ms. Greene, the underlying stay violation (the existing promissory note and Ms. Greene's $100.00 payment under that note) remained uncorrected and immovable—requiring a hearing on the motion and this decision to fix the problem.

Based on the content of the papers submitted by the parties and the relative lack of complexity of the factual and legal issues, the Court—in the exercise of its discretion and based on its considerable experience in reviewing fee applications by professions—determines that an experienced bankruptcy attorney would be required to spend a total of 4 hours litigating this matter.  Here, applying counsel's hourly rate of $250.00 to those 4 hours of time, results in attorney's fees totaling $1,000.00.  Ms. Smith is entitled to those attorney's fees under 11 U.S.C. § 362(k)(1).

The Court **ORDERS** that, in addition to the actual damages awarded in the amount of $100.00, Ms. Smith pay the sum of $1,000.00 to Ms. Greene, as reasonable and necessary attorney's fees—to the care of counsel to Ms. Greene—within 10 days.  In the event that Ms. Smith fails to pay the total sum of $1,100.00 within 10 days, counsel to the movant may submit a judgment for that amount, less credit for any amount actually paid.

## IV.

## CONCLUSION

Ms. Greene's motion is **GRANTED**, under 11 U.S.C. § 362(k)(1). Ms. Smith is **ORDERED** to pay, within 10 days—to the care of Ms. Greene's attorney—the sum of $100.00 as actual damages, plus the sum of $1,000.00 as reasonable attorney's fees. In the event that payment is not made as directed, Ms. Greene may request judgment for the sum of $1,100.00, less credit for any amount paid. The promissory note, dated June 1, 2017, between Ms. Smith and Ms. Green is declared **NULL** and **VOID**.

IT IS SO ORDERED.

DATED: August 18, 2017 _____/s/_____
      Rochester, New York         HON. PAUL R. WARREN
                                          United States Bankruptcy Judge